ALD-165 and 166                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-1077 & 14-1078
_____

IN RE:  FREDERICK H. BANKS,
                                        Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to Crim. Nos. 2-03-cr-00245 & 2-04-cr-00176)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 6, 2014
Before:  RENDELL, FISHER and GREENAWAY, JR, Circuit Judges

(Opinion filed: March 20, 2014 )
_____

OPINION
_____

PER CURIAM

Frederick Banks has filed two petitions for writs of mandamus.  For the reasons

below, we will deny the petitions.

In 2005 and 2006, Banks was convicted of mail fraud, criminal copyright

infringement, money laundering, uttering and possession of a counterfeit or forged

security, and witness tampering.  He was sentenced to 123 months in prison and six years

of supervised release.  In May 2013, Banks was released from prison.  In October 2013,

warrants were issued for Banks's arrest for violating the terms of his supervised release.

1

On November 26, 2013, the District Court in Crim. No. 04-cr-00176 found Banks in violation of the terms of his supervised release and sentenced him to 14 months in prison and six months of supervised release. Banks filed a counseled appeal which is pending. See C.A. No. 13-4594. On January 30, 2014, the District Court in Crim. No. 03-cr-00245 stayed the hearing for the petition on the supervised release violations in that case pending Banks's appeal.

The writ of mandamus will issue only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). As a precondition to the issuance of the writ, the petitioner must establish that there is no alternative remedy or other adequate means to obtain the desired relief, and the petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. U.S. Dist. Court, 426 U.S. 394, 403 (1976). A writ is not a substitute for an appeal. See In Re Briscoe, 448 F.3d 201, 212 (3d Cir. 2006).

In his mandamus petition docketed at C.A. No. 14-1077, Banks requests that we advise the District Court in Crim. No. 04-cr-00176 that it can rule on his pending motions pursuant to Fed. R. App. P. 12.1 because the motions contain substantial issues. However, Rule 12.1 provides that if the District Court states that it would grant a motion while an appeal is pending or that the motion raises a substantial issue, the movant must notify the Circuit Clerk. Fed. R. App. P. 12.1(a). The Court of Appeals may then decide to remand the matter to the District Court. Fed. R. App. P. 12.1(b). This rule is not relevant here because the District Court has not yet made any such statements about the pending motions. The rule does not give Banks a clear and indisputable right to the relief he seeks in his motions. Moreover, the District Court is not obligated to consider

Banks's pro se motions in light of his being represented by counsel. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (no constitutional right to hybrid representation). Furthermore, Banks has the alternative remedy of raising the issues in his pending motions in his appeal.

In the mandamus petition docketed at C.A No. 14-1078, Banks raises various challenges to the revocation of his supervised release. As noted above, a mandamus petition is not a substitute for an appeal. He also challenges the District Court's decision to proceed with the violation proceeding in Crim. No. 03-cr-00245. However, after the filing of the mandamus petition, the District Court stayed those proceedings pending Banks's appeal. Thus, his petition is moot with respect to that request.

Ordinarily, we may only issue a writ of mandamus to "confine inferior courts to their lawful jurisdiction or to compel them to exercise authority when they have a duty to do so." DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). Thus, to the extent that Banks requests us to order other government agencies to give him various forms of relief, we may not issue a writ. Moreover, Banks has not shown a clear and indisputable right to the relief he seeks.

For the above reasons, we will deny the petitions for writs of mandamus. Banks is advised that drawings are unnecessary in his pleadings and may result in the future filings being returned for amendment.